[Cite as *State v. Dienes* , 2012-Ohio-4588.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97578**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## FRANK DIENES

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-549384

**BEFORE:** Cooney, J., Celebrezze, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** October 4, 2012

**ATTORNEY FOR APPELLANT**

Robert A. Dixon
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Scott Zarzycki
Marc D. Bullard
Assistant County Prosecutors
9th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

**{¶1}** Defendant-appellant, Frank Dienes ("Dienes"), appeals his conviction for murder. Finding no merit to the appeal, we affirm.

**{¶2}** In April 2011, Dienes was charged with aggravated murder with firearm specifications, tampering with evidence, and gross abuse of a corpse. In May, he was referred to the court psychiatric clinic to be evaluated for competence to stand trial. In June, he was transferred to the clinic for a 20-day inpatient evaluation. In July, the court was given the report and the clinic's conclusion. The State stipulated to the report but defense counsel did not. Defense counsel received additional time to seek an independent report.

**{¶3}** In August, after thoroughly reviewing the report and deciding not to seek an independent evaluation, defense counsel stipulated to the report. In November 2011, Dienes pled guilty to an amended charge of murder with a one-year firearm specification. The remaining charges were nolled. He was sentenced to life in prison with the possibility of parole after 16 years.

**{¶4}** Dienes now appeals, raising three assignments of error.

<u>Competency Hearing</u>

{¶5} In his first assignment of error, Dienes argues that he was denied due process when the trial court failed to conduct a hearing regarding his competence to stand trial.

{¶6} Dienes argues that he was denied due process when the trial court failed to hold a hearing on his competency. If, in the alternative, a hearing was not required, Dienes argues that he was denied due process when the trial court failed to make specific findings that he was competent to stand trial. He fails to cite any statute or case law to support his arguments.

{¶7} Dienes makes no argument that he was not competent to enter a guilty plea or that his plea was not voluntarily, intelligently, or knowingly entered. The record indicates that he clearly understood the nature of the proceedings. By entering a valid guilty plea, Dienes waived any argument pertaining to his competency. *State v. Fore*, 18 Ohio App.2d 264, 269, 248 N.E.2d 633 (4th Dist.1969); *State v. Crawford*, 7th Dist. No. 91 C.A. 79, 1993 Ohio App. LEXIS 1343 (Mar. 5, 1993); *State v. Denton*, 2d Dist. No. 11376, 1989 Ohio App. LEXIS 4948 (Dec. 29, 1989). A plea of guilty is an "implied admission of sanity." *Fore*. *See also State v. Jackson*, 8th Dist. No. 80299, 2002-Ohio-2711.

{¶8} Furthermore, the parties stipulated to the report at a hearing. "* * * A written report of the evaluation of the defendant may be admitted into evidence at the hearing by stipulation[.] * * *" R.C. 2945.37(E). The court had in fact held numerous pretrial hearings in which Dienes's competency was discussed and addressed. After

having stipulated to his competency, both parties waived the right to any additional competency hearings because there was no need to rebut the report once both had stipulated to it.

{¶9} This court has held that "[t]he competency issue is one that can be waived by the parties. A hearing is not required in all situations, only those where the competency issue is raised and maintained." *State v. Smith*, 8th Dist. No. 95505, 2011-Ohio-2400, ¶5. In *Smith*, we held that where a defendant stipulates to competency, a trial court need not hold a hearing pursuant to R.C. 2945.37(B) because a hearing is only needed to introduce evidence rebutting the presumption of competency established in R.C. 2945.37(G). *Id.* at ¶ 6; *see also State v. Asadi-Ousley*, 8th Dist. No. 96668, 2012-Ohio-106, ¶ 10.

{¶10} Finally, there is no statutory requirement that the court make specific findings on the record regarding a defendant's competency, above and beyond the report itself. In the instant case, the court went so far as to state the report's findings on the record.

{¶11} Accordingly, the first assignment of error is overruled.

<u>Recusal</u>

{¶12} In his second assignment of error, Dienes argues that he was denied due process when the trial judge failed to recuse himself after accusing Dienes of attempting to manipulate the proceedings.

**{¶13}** In the instant case, during a pretrial hearing the trial court engaged Dienes in a discussion regarding its opinion, and that of the clinic's expert, that Dienes was manipulating the competency proceedings and malingering in the eyes of the court. The court went on to modify Dienes's bond in response to the alleged manipulation.

**{¶14}** First, we note that Dienes never actually sought the court's recusal. Had Dienes moved the court for recusal and the court refused, we would be without jurisdiction to review this assignment of error. This court has no authority to consider any questions about a trial court's refusal to recuse itself. *Grogan v. T.W. Grogan Co.*, 143 Ohio App.3d 548, 758 N.E.2d 702 (8th Dist.2001); *see also State v. Ramos*, 88 Ohio App.3d 394, 398, 623 N.E.2d 1336 (9th Dist.1993).

**{¶15}** Furthermore, Dienes did not object to the trial court's comments and, thus, we review for plain error. Crim.R. 52(B) provides that: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

**{¶16}** Regardless, in *State v. Wade*, 53 Ohio St.2d 182, 373 N.E.2d 1244 (1978), *cert. granted and judgment vacated on other grounds*, 438 U.S. 911, 98 S.Ct. 3138, 57 L.Ed.2d 1157 (1978), the Ohio Supreme Court set forth the following criteria to determine whether a trial court's remarks are prejudicial:

> (1) The burden of proof is placed upon the defendant to demonstrate prejudice, (2) it is presumed that the trial judge is in the best position to decide when a breach is committed and what corrective measures are called for, (3) the remarks are to be considered in light of the circumstances under which they are made, (4) consideration is to be given to their possible effect

upon the jury, and (5) to their possible impairment of the effectiveness of counsel.

{¶17} In the instant case, the comments were made during a pretrial hearing and not in the presence of a jury. The case never proceeded to trial, as Dienes pled guilty. In terms of the circumstances under which the comments were made, the court was using the clinic's report to support the opinion that Dienes was manipulating the court. Finally, Dienes has failed to demonstrate that he was prejudiced by the trial court's comments, and has therefore, failed to meet his burden.

{¶18} Therefore, we find no prejudice in the comments made by the court. Accordingly, the second assignment of error is overruled.

<u>Ineffective Assistance of Counsel</u>

{¶19} In his third assignment of error, Dienes argues that he was denied his Sixth Amendment right to the effective assistance of counsel.

{¶20} Dienes claims that his trial counsel was ineffective for having 1) failed to obtain an independent psychiatric expert, 2) waived a hearing on the issue, 3) failed to object to the court's discussion with Dienes regarding his alleged manipulation of the competency evaluation, and 4) failed to request the judge's recusal.

{¶21} In order to sustain an ineffective assistance of counsel claim, the defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v.*

*Madrigal*, 87 Ohio St.3d 378, 388-389, 2000-Ohio-448, 721 N.E.2d 52, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶22}** As to the second element of the test, the defendant must establish "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus; *Strickland* at 686. In evaluating whether a petitioner has been denied effective assistance of counsel, the Ohio Supreme Court held that the test is "whether the accused, under all the circumstances, had a fair trial and substantial justice was done." *State v. Hester*, 45 Ohio St.2d 71, 341 N.E.2d 304 (1976), paragraph four of the syllabus.

**{¶23}** This court must presume that a licensed attorney is competent and that the challenged action is the product of sound trial strategy and falls within the wide range of professional assistance. *Strickland* at 689. Courts must generally refrain from second-guessing trial counsel's strategy, even where that strategy is questionable, and appellate counsel claims that a different strategy would have been more effective. *State v. Jalowiec*, 91 Ohio St.3d 220, 237, 2001-Ohio-26, 744 N.E.2d 163.

**{¶24}** Having found no error regarding the court's statements, nor any need for recusal, these alleged errors do not rise to the level of ineffective assistance of counsel.

**{¶25}** In terms of counsel's alleged failure to obtain an independent psychiatric report, we cannot infer from the record that this was not part of counsel's strategy. Counsel refused to stipulate to the report when it was first presented, requesting time to

seek an independent evaluation. When counsel did eventually stipulate, it was after having reviewed the report in its entirety, with Dienes, and after deciding not to seek an independent evaluation. Having stipulated to the report, waiving a hearing on the matter, and subsequently accepting a plea bargain, there is no evidence that this was not a strategic decision, which this court will not second-guess. *State v. Edwards*, 119 Ohio App.3d 106, 110, 694 N.E.2d 534 (10th Dist.1997); *State v. Wilson*, 8th Dist. No. 71758, 1998 Ohio App. LEXIS 1728 (Apr. 23, 1998).

{¶26} Based on the foregoing, Dienes has failed to demonstrate that counsel was deficient. Therefore, we do not find that defense counsel's performance rose to the level of ineffective assistance of counsel.

{¶27} Accordingly, the third assignment of error is overruled.

{¶28} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
LARRY A. JONES, SR., J., CONCUR