[Cite as *State v. Brown*, 2019-Ohio-1455.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-170713 |
| | | C-170714 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-1406996 |
| | | B-1702787 |
| vs. | : | |
| | | *O P I N I O N.* |
| DARRYL BROWN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Affirmed and Cause Remanded

Date of Judgment Entry on Appeal:  April 19, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1} In these consolidated appeals, Darryl Brown appeals from the sentences imposed in the cases numbered B-1702787 and B-1406996. Brown argues that the trial court erred when selecting from the range of the prison terms in B-1702787, and by ordering him to serve those prison terms consecutively to each other and consecutively to the aggregate prison terms imposed in B-1406996.

{¶2} We hold that R.C. 2953.08(D)(1), which limits appellate review of agreed sentences, precludes Brown's challenge to the individual prison terms and the consecutive imposition of those prison terms in B-1702787, because the sentences were authorized by law and were jointly-recommended as part of a plea agreement involving an aggregate-sentencing range. Further, Brown failed to demonstrate the trial court erred by ordering that the aggregate sentences in the two cases be served consecutively, where the court made the relevant consecutive-sentencing findings at the sentencing hearing and those findings are sufficiently supported in the record. Accordingly, we affirm the trial court's judgments. However, because the sentencing entries do not accurately reflect all the consecutive-sentencing findings announced at the sentencing hearing, we remand the cause for the limited purpose of correcting this defect.

## I. Background Facts and Procedure

{¶3} In B-1406996, Brown was convicted on four counts of trafficking heroin, based on conduct occurring on separate dates. The trial court imposed an aggregate sentence of three years' community control. On March 24, 2017, while on community control in B-1406996, Brown followed Brianna Battle, his estranged wife, as she drove home from her place of employment, then trapped her in a parking lot and rammed her car with the car he was driving. Before driving off, he threatened to kill her. Five days

later, Brown went to Battle's place of employment, chased her inside, and began to beat her. When her coworkers came to her aid, Brown fled to his car, pulled out a .380-caliber gun, and fired shots at the coworkers, striking Clinton Dean in his left thigh.

{¶4} As a result of his conduct in March 2017, the state indicted Brown on five criminal counts in B-1707287. Count one alleged the felonious assault of Battle on March 24th. Count three alleged the felonious assault of Dean on March 29th, and included a mandatory three-year firearm specification. Additionally, the probation department filed a community-control-violation notification in B-1406996, based in part on this conduct.

{¶5} Subsequently, Brown and the state entered into a plea agreement in B-1702787, under which Brown agreed to plead guilty to counts one and three and to jointly recommend an aggregate sentence within the range of five to 13 years for those two counts, which was below the aggregate statutory maximum of 19 years, in exchange for the state's dismissal of the other counts. The plea form Brown signed in B-1702787 did not mention the alleged community-control violations in B-1406996.

{¶6} Although the plea form in B-1702787 did not mention the alleged community-control violations in B-1406996, the trial court brought up the community-control violations before accepting Brown guilty pleas to felonious assault. The court informed Brown that his pleas could result in the revocation of his community control and that any prison term imposed for a community-control violation could be ordered to be served consecutively to the prison terms imposed under B-1702787. Brown indicated that he understood and confirmed later that the only agreement in the case had been set forth on the plea form. The trial court then accepted Brown's pleas in B-1702787.

{¶7} After accepting Brown's pleas in B-1702787, the court called B-1406996. Brown and the state had no agreement for that case, including any sentencing

recommendation. Brown waived a probable-cause hearing, and the court found him guilty of violating the terms of his community control.

{¶8} At sentencing, the court imposed a two-year prison term for the felonious assault of Battle, and an eight-year prison term for the felonious assault of Dean, plus a mandatory consecutive three-year term for the firearm specification. Additionally, the court imposed nonmandatory consecutive sentences, for an aggregate term of 13 years in B-1702787, as "agreed" by Brown and the state.

{¶9} For the community-control violations, the court imposed concurrent prison terms for an aggregate term of one year in B-1406996. Although it was not mandatory, the court ordered the sentences in B-1702787 and B-1406996 to be served consecutively. The court made all of the R.C. 2929.14(C)(4) consecutive-sentencing findings for the nonmandatory consecutive sentences at the sentencing hearing, but omitted some of those findings from its sentencing entries.

## II. Analysis

{¶10} *Felony review of agreed sentences.* Brown challenges his felony sentences in his sole assignment of error. R.C. 2953.08 "specifically and comprehensively defines the parameters and standards * * * for felony-sentencing appeals." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 21. This court may modify or vacate Brown's sentence only if it "clearly and convincingly finds" that the record does not support the mandatory sentencing findings, if any, or that the sentence is "otherwise contrary to law." R.C. 2953.08(G)(2); *see Marcum* at ¶ 7; *State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 11 (1st Dist.).

{¶11} R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is

imposed by a sentencing judge." In applying R.C. 2953.08(D), the Ohio Supreme Court has recognized that "[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 25; *see State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 42-44 (trial court is not required to make findings to support its imposition of jointly recommended, nonmandatory consecutive sentences). Thus, R.C. 2953.08(D)(1) prevents this court from reviewing on appeal a sentence authorized by law that a defendant and the state agreed was appropriate.

{¶12} Initially, Brown argues that this statutory limitation on the review of agreed sentences does not preclude review of the sentences imposed in B-1702787 for the felonious-assault offenses, even though the sentences were authorized by law, because the trial court, by ordering the aggregate sentence in B-1406996 to be served consecutively to the aggregate sentence in B-1702787, imposed a 14-year prison term, which fell outside the maximum 13-year-aggregate prison term jointly recommend by the parties.

{¶13} Brown's argument necessarily implies that the plea agreement in B-1702787 included an agreement on a recommended sentencing range for both B-1702787 and B-1406996. But our review of the record, including the written plea form and the transcript from the plea hearing, demonstrates that the plea agreement in B-1702787 did not include any agreement, including a sentencing recommendation, on the charge that Brown had violated the conditions of the community-control sanctions previously imposed in B-1406996. We conclude, therefore, that the trial court did not

5

exceed the jointly recommended aggregate sentence for B-1702787, even though Brown ended up with a total sentence of 14 years for the felonious assaults and the community-control violations.

{¶14} Because the aggregate sentence the court imposed in B-1702787 was within the range jointly recommended by Brown and the state, and the components of that aggregate sentence for the felonious assaults were authorized by law, R.C. 2953.08(D) bars Brown's challenge to the length and consecutive imposition of those prison terms if Brown is correct that R.C. 2953.08(D)(1) applies to an agreed aggregate sentencing range for multiple offenses.

{¶15} *Prior precedent on agreed sentencing ranges.* Notwithstanding Brown's position on the issue, this court has previously held that the limitation on felony-sentencing review set forth in R.C. 2953.08(D), now R.C. 2953.08(D)(1), for agreed sentences only applies where the defendant and the state had agreed to a "specific term, as opposed to a range of possible terms." *State v. Gray*, 1st Dist. Hamilton No. C-030132, 2003-Ohio-5837, ¶ 9. In *Gray*, the defendant pleaded guilty to two counts of aggravated robbery, a first-degree felony that subjected Gray to a prison term of three to ten years for each count. *Id.* at ¶ 4. Under the plea agreement, Gray and the state expressly agreed that "the trial court would have the discretion to sentence Gray to a term of imprisonment between four and eight years," and that four other counts would be dismissed. *Id.* The trial court accepted Gray's pleas and sentenced him to two concurrent terms of eight years. *Id.*

{¶16} When Gray appealed his sentences, the state argued that R.C. 2953.08(D) barred the challenge. This court held that R.C. 2953.08(D) did not apply because Gray and the state had not agreed to a "specific term." *Id.* at ¶ 9. One judge dissented, arguing that the language of R.C. 2953.08(D) did not warrant such a result,

6

because "nowhere does R.C. 2953.08(D) say * * * that the defendant and the prosecution must jointly agree on a *specific* prison term." (Emphasis in original.) The dissenter also noted that where the defendant and the state present the sentencing court with an agreed range from which the court, in its discretion, may select a specific sentence, the defendant and the state signal to the court their agreement to any specific sentence within that range, which relieves the court of the obligation to articulate the statutory sentencing considerations required by R.C. Chapter 2929 and the case law interpreting that chapter.

{¶17} The majority in *Gray* noted that there was little authority existing at the time—2003—on the issue of what constituted an agreed sentence as contemplated in R.C. 2953.08(D). Since this court's decision in *Gray*, the issue has received much judicial attention by other districts. The Second, Fifth, Sixth, and Eighth Districts have concluded that a sentence imposed within a jointly recommended sentencing range and that was authorized by law was not subject to review on appeal, as provided by R.C. 2953.08(D)(1). *State v. Grant*, 2018-Ohio-1759, 111 N.E.3d 791, ¶ 19-20 (8th Dist.); *State v. Ramsey*, 5th Dist. Licking No. 16-CA-91, 2017-Ohio-4398, ¶ 15-17; *State v. Essinger*, 2d Dist. Montgomery No. 26593, 2016-Ohio-4977, ¶ 10; *State v. Connors*, 2d Dist. Montgomery No. 26721, 2016-Ohio-3195, ¶ 4; *State v. Scurles*, 6th Dist. Lucas Nos. L-07-1108 and L-07-1109, 2008-Ohio-2480, ¶ 7-9.

{¶18} *We overrule State v. Gray.* Upon reexamining this issue, we adopt the reasoning of the dissent in *Gray*. The fact that Brown did not agree to a specific prison term is not dispositive of whether R.C. 2953.08(D)(1) applies. Whether he agreed to a specific prison term or presented the sentencing court with an agreed range from which the court, in its discretion, could select a specific sentence, is a distinction without a difference.

7

{¶19} The determining fact, we believe, is whether the defendant and the state agreed that any prison term within the range would be appropriate. Only this type of agreement will suffice to trigger the provisions of R.C. 2953.08(D)(1)—a defendant's agreement to enter into a guilty plea in exchange for the state's promise to cap the number of years it will seek at sentencing is not an agreed sentence within the meaning of R.C. 2953.08(D)(1) unless the defendant also expressly agrees that a prison term up to the cap would be appropriate. With this proviso, we overrule *Gray*.

{¶20} *Joint sentencing recommendations involving aggregate sentences and resulting in nonmandatory consecutive terms*. Our determination that R.C. 2953.08(D)(1) bars appellate review of a sentence that was authorized by law and within a jointly recommended sentencing range does not resolve whether that section can bar review under the circumstances of this case, where the joint recommendation included only a proposed aggregate sentence for multiple offenses and the aggregate sentence imposed included nonmandatory consecutive prison terms.

{¶21} Despite these differences from the agreement in *Gray*, the purpose of Brown's agreement with the state was similar to the purpose of the defendant's agreement with the state in *Gray*, and the consequences of that agreement should be similar. While Brown did not expressly recommend specific prison terms for each count of felonious assault, by entering into the agreement, Brown implicitly recommended the specific prison terms actually imposed for each count and the nonmandatory consecutive terms. He and the state presented the sentencing court with an agreed range from which the court, in its discretion, could select an aggregate sentence to be comprised of specific prison terms for each count and the combination of those prison terms. The agreement without question allowed for consecutive terms because the most prison time Brown could receive for the most serious offense, count three, which

contained a firearm specification, was 11 years, two less than the 13-year-agreed-upon maximum.

{¶22} The Eighth District Court of Appeals discussed this implicit agreement versus explicit agreement distinction in the context of nonmadatory consecutive sentences, concluding that "when a trial judge imposes nonmandatory consecutive sentences within a jointly recommended sentencing range, the sentence is 'authorized by law' and is not subject to review on appeal pursuant to R.C. 2953.08(D)(1), regardless of any express agreement to consecutive sentences." *Grant*, 2018-Ohio-1759, 111 N.E.3d 791, at ¶ 24. The *Grant* court recognized the increasingly frequent use of "range agreements" to dispose of criminal charges and explained that

> [r]ange agreements are no different than specific term agreements; they are both negotiated agreements based on a quid pro quo arrangement where each side gives up something in exchange for being bound by the terms of the agreement. Under either scenario, the defendant can * * * limit his exposure. When an agreed range is involved, the state is ensured the sentence will fall within the agreed range and the defendant is ensured it will not exceed it. We cannot permit a defendant to agree to a term of imprisonment, whether expressed specifically or within a range, in exchange for lesser charges or having some charges dismissed, only to turn around and challenge that very agreement on appeal. Such practice would only serve to undermine the state's incentive to enter plea agreements in the first place.

*Id.* at ¶ 18.

{¶23} We find the reasoning of the *Grant* court compelling. Ultimately, we conclude that R.C. 2953.08(D)(1) limits appellate review of sentences imposed within a

jointly recommended sentencing range for multiple offenses, even when there is only an implicit agreement as to specific individual prison terms and the imposition of nonmandatory consecutive terms.

{¶24} Further, we apply our interpretation of R.C. 2953.08(D)(1) to Brown's challenge to his sentence in this appeal, even though it involves a change from our precedent, because the record reflects that Brown intended for his agreement with the state on sentencing to trigger the provisions of R.C. 2953.08(D)(1). As previously noted, Brown argues that this court has the authority to review the appropriateness of his multiple offenses consecutive sentences in B-1702787 only because the trial court did not impose the jointly recommended aggregate sentence.

{¶25} Because the facts show that the sentences Brown received in B-1702787 for the felonious-assault offenses were jointly recommended and authorized by law, we hold R.C. 2953.08(D)(1) prevents Brown from challenging on appeal the appropriateness of those sentences and the trial court's decision to impose them consecutively.

{¶26} *Brown's remaining challenge to his sentences.* Brown argues also that the trial court erred by ordering the aggregate sentences in B-1406996 and B-1702787 be served consecutively. He contends that the court did not engage in the appropriate analysis of the facts and circumstances to justify imposing the nonmandatory consecutive sentences.

{¶27} Typically, if the trial court exercises its discretion to impose nonmandatory consecutive sentences, and the parties did not jointly recommend the consecutives, the court must make the consecutive-sentences findings set out in R.C. 2929.14(C)(4). *See Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, at ¶ 42.

10

{¶28}   Those consecutive-sentencing findings must be made at the sentencing hearing and incorporated into the sentencing entry.  *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.   The trial court, however, "has no obligation to state reasons to support its findings," *id.*, and "a word-for-word recitation of the language of the statute is not required."  *Id.* at ¶ 29.  "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.*

{¶29}      R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the

courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶30}     The record reflects that the trial court engaged in the required analysis and made the necessary findings at the sentencing hearing before ordering that the one-year aggregate term imposed for the community-control violations in B-1406996 be served consecutively to the 13-year aggregate term imposed in B-1702787. The court stated at the sentencing hearing that all of the findings in R.C. 2929.14(C)(4)(a)-(c) applied and supported the challenged imposition of consecutive terms.

{¶31}     Further, the court's findings are amply supported by the record. The fact related to B-1702787 show that on March 24, 2017, while Brown was on community control, Brown followed his estranged wife to her place of employment, engaged in a car chase with her, and then rammed into her car.  Five days later, Brown again followed his wife to her place of employment, and confronted her with a gun that he fired several times, striking a coworker of his wife in the thigh.

{¶32}     The facts related to B-1406996 show that on several dates in October 2014, Brown sold or offered to sell small amounts of heroin to a confidential informant. He was convicted of several offenses and placed on community control.  He violated the terms of that community control by virtue of his convictions in B-1702787 and for several other reasons, including multiple driving violations, failure to notify the probation department of his change in contact information, and failure to report to the probation department.

**{¶33}** While the trial court orally made the appropriate findings at the sentencing hearing, only some of these findings were incorporated into the sentencing entries. But this inadvertent failure to incorporate all the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing may be corrected by the trial court through a nunc pro tunc entry. *State v. Thomas*, 1st Dist. Hamilton No. C-140070, 2014-Ohio-3833, ¶ 9, citing *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 30.

**{¶34}** Accordingly, we overrule the assignment of error.

### III. Conclusion

**{¶35}** We affirm the trial court's judgments, but remand the causes for nunc pro tunc orders correcting the omission of the consecutive-sentence findings from the sentencing entries.

Judgment accordingly.

**MYERS, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry this date.