[Cite as *State v. Smith*, 2020-Ohio-3454.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,          :

                         No. 108708

    v.                                       :

BRANDON M. SMITH,                 :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 25, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-623415-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Blaise Thomas, Carl J. Mazzone, and Kelly N. Mason, Assistant Prosecuting Attorneys, *for appellee.*

Edward F. Borkowski, Jr., *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Brandon M. Smith ("Smith") appeals from his conviction and sentence for involuntary manslaughter and kidnapping following a plea agreement. Because we find that the trial court properly addressed Smith's

competency, we do not find the trial court erred in accepting Smith's guilty plea, and we affirm his conviction. Additionally, we find that Smith's sentence is not reviewable and we therefore summarily overrule this assignment of error.

## I. Procedural History and Substantive Facts

{¶ 2} On December 4, 2017, Smith was charged in a multiple-count indictment that included aggravated murder, murder, aggravated robbery, felonious assault, grand theft, trafficking, drug possession, illegal manufacture of drugs or cultivation of marijuana, having weapons while under disability, tampering with evidence, and receiving stolen property. Smith entered a not guilty plea, waived speedy trial, and consented to a continuance of trial through June 30, 2018.

{¶ 3} On March 29, 2018, upon Smith's request, the defendant was referred to the court psychiatric clinic for a competency evaluation. On April 26, 2018, when Smith was scheduled for a competency hearing, the parties waived the hearing and stipulated to the court psychiatric clinic report. The court stated in its journal entry that it was in receipt of the clinic's competency report authored by Dr. Ian Lamoureux. Dr. Lamoureux opined, however, that "the defendant refused or was unable to cooperate with the evaluation," and therefore, Dr. Lamoureux was unable to render an opinion as to Smith's competency to stand trial. The court then ordered Smith to Northcoast Behavioral Health ("Northcoast") for an inpatient competency evaluation. While at Northcoast, Smith was evaluated and, in a report dated May 24, 2018, found competent to stand trial.

{¶ 4} On June 18, 2018, Smith waived his speedy trial rights once again and consented to another continuance. At this time, defense counsel acknowledged Smith's evaluation at Northcoast but discussed the possibility of another examination at MetroHealth Hospital following an apparent suicide attempt. Counsel stated that she would prefer to "see what the results of that evaluation were before [deciding] whether to stipulate to the Northcoast report * * *."

{¶ 5} On September 11, 2018, the court held a competency hearing. At this time, the parties stipulated to the Northcoast report that found Smith competent to stand trial.

{¶ 6} The matter was ultimately called for trial on November 28, 2018, when instead, Smith entered into a guilty plea to the amended charges of involuntary manslaughter and kidnapping, along with a three-year firearm specification. As part of the plea agreement, the state agreed to dismiss the remaining counts, and the parties agreed to a recommended sentencing range of 9 to 25 years in prison. Additionally, Smith acknowledged that by virtue of the agreed recommended sentence, he could not avail himself of an appeal or judicial release. Following the plea colloquy, the court accepted Smith's guilty plea, found him guilty, and ordered a presentence investigation report.

{¶ 7} On December 28, 2018, the court held a sentencing hearing. The court noted that it considered all of the relevant seriousness and recidivism factors, and it imposed the following sentence: 11 years in prison on the involuntary

manslaughter and 3 years on the attendant firearm specification, to be served prior to and consecutive to the underlying offense; and 10 years on the kidnapping. The court then ordered the sentence on each charge to be served consecutively to each other, for an aggregate prison term of 24 years, and it made consecutive-sentence findings.

{¶ 8} Smith now appeals his conviction and sentence, assigning two errors for our review: (1) the trial court erred by accepting appellant's guilty plea without making a finding as to competency; and (2) the record does not clearly and convincingly support the imposition of consecutive sentences.

## II. Competency

{¶ 9} In Smith's first assignment of error, he contends that his guilty plea must be vacated because the trial court did not make a finding that he was competent before accepting his plea. Smith argues that regardless of the parties' stipulation to the competency report, R.C. 2945.38 requires the court make such a finding.

{¶ 10} Where the issue of a defendant's competency has been raised, "the trial court cannot make a reliable determination of the defendant's competency to enter a knowing, intelligent, and voluntary plea" without first determining the defendant's competency under R.C. 2945.37. *State v. Cruz*, 8th Dist. Cuyahoga No. 93403, 2010-Ohio-3717, ¶ 17. A defendant who is not competent to stand trial is not competent to enter a negotiated plea. *Id.*, citing *State v. Bolin*, 128 Ohio App.3d 58, 61, 713 N.E.2d 1092 (8th Dist.1998).

{¶ 11} We note initially that in Ohio, competency to stand trial is presumed and the defendant bears the burden of proving his incompetency by a preponderance of the evidence. *State v. Roberts*, 137 Ohio St.3d 230, 2013-Ohio-4580, 998 N.E.2d 1100, ¶ 89, citing R.C. 2945.37(G); *State v. Ingram*, 8th Dist. Cuyahoga Nos. 107587 and 107588, 2019-Ohio-2438, ¶ 6. If the issue of a defendant's competency is raised, however, the court must hold a competency hearing. *State v. Were*, 94 Ohio St.3d 173, 2002-Ohio-481, 761 N.E.2d 591, paragraph one of the syllabus; R.C. 2945.37(B). And following the hearing, "if the court * * * finds that the defendant is competent to stand trial, the defendant shall be proceeded against as provided by law." R.C. 2945.38(A).

{¶ 12} Either party may submit evidence on the issue of the defendant's competency, and a "written report of the evaluation of the defendant may be admitted into evidence at the hearing by stipulation[.] * * *" R.C. 2945.37(E). A stipulation is "'[a] voluntary agreement between opposing counsel concerning the disposition of some relevant matter so that evidence on the matter does not have to be introduced at the trial.'" *State v. Hardley*, 8th Dist. Cuyahoga Nos. 88456 and 88457, 2007-Ohio-3530, ¶ 18, quoting *West's Legal Thesaurus/Dictionary,* 716-717 (1985). Where a defendant stipulates to competency, "a trial court need not hold a hearing pursuant to R.C. 2945.37(B) because a hearing is only needed to introduce evidence rebutting the presumption of competency established in R.C. 2945.37(G)." *State v. Dienes*, 8th Dist. Cuyahoga No. 97578, 2012-Ohio-4588, ¶ 9, citing *State v. Smith*, 8th Dist. Cuyahoga No. 95505,

2011-Ohio-2400, ¶ 6. And the statute does not require the court to make specific findings on the record regarding a defendant's competency, "above and beyond the report itself." *Dienes* at ¶ 10.

{¶ 13} Here, defense counsel raised the issue of competency and Smith ultimately submitted to an evaluation at Northcoast. In a report dated May 24, 2018, Dr. Jera A. Barrett opined with reasonable medical certainty that Smith "presently has the capacity to understand the nature and objective of the proceedings against him and he presently has the capacity to participate in his defense." At the competency hearing, the court placed the report on the record and the state and the defense stipulated to the competency report. The court then addressed the issue of the defense's referral for a "private post-opinion interview with a healthcare provider of their choice." At this time, defense counsel indicated that the private healthcare provider's report would not be produced, nor would the expert testify. The state made a motion in limine to prohibit any reference to the examiner's findings, which the court granted.

{¶ 14} Following the hearing, the court issued a journal entry, stating as follows:

> Hearing held on Defendant Brandon Smith's competency report received from Northcoast Behavioral on 5/24/18. Both state and defense had previously reviewed the report prior to today's hearing. Both state and defense stipulate in court and on the record to Defendant's competency report from Northcoast Behavioral, dated 5/24/18 and signed by Dr. Jera Barrett.

{¶ 15} Smith argues that the trial court's above journal entry demonstrates that the court failed to specifically find him competent, and therefore, the issue of his competency was not sufficiently adjudicated before he entered his guilty plea. Thus, Smith claims, his plea was not entered knowingly, intelligently, and voluntarily. In support, he cites to *State v. Whitling*, 2018-Ohio-1360, 110 N.E.3d 63 (12th Dist.).

{¶ 16} In *Whitling*, the court scheduled a competency hearing and ordered the defendant to undergo a competency assessment. Thereafter, the court held a brief competency hearing, during which the following discussion occurred:

> THE COURT: All right. Did you see a copy of the doctor's report?
>
> DEFENSE ATTORNEY: I did, I just got it.
>
> THE COURT: He is competent to stand trial, so what are we going to do here today?
>
> DEFENSE ATTORNEY: Today I was going to — what I would like to do is have a pretrial with the Prosecutor to —
>
> THE COURT: Let's do it sooner rather than later.

*Id.* at ¶ 4. The trial court did not include a finding of competence in its journal entry, despite its finding at the hearing that the defendant "is competent to stand trial." *Id.*

{¶ 17} On appeal, the Twelfth District Court of Appeals stated that it was "troubled" by the trial court's failure to make a determination of the defendant's competency prior to the court accepting the guilty plea, and it vacated the defendant's plea. *Id.* at ¶ 17. Reasoning that R.C. 2945.38(A) requires the trial

court to "'find[] that the defendant is competent to stand trial'" and a court speaks through its journal entries, the court of appeals concluded that the trial court's finding of competency during the hearing was "insufficient." *Id.* And the Twelfth District concluded that because the trial court failed to issue an entry finding the defendant competent to stand trial, "[the defendant's] competence to stand trial remained an outstanding issue that precluded the trial court from making a reliable determination of the [defendant's] ability to enter a knowing, intelligent, and voluntary plea." *Id.*

{¶ 18} *Whitling*, however, is distinguishable. In *Whitling*, the only reference to the defendant's competency occurred at the competency hearing, which included defense counsel's statement that he received the doctor's report and the trial court's conclusion that the defendant was competent to stand trial. In this case, however, the parties addressed Smith's competency at the hearing, the court noted for the record that Dr. Barrett opined that Smith "presently has the capacity to assist in his defense and * * * [he] has the capacity to understand the nature and objective of the proceedings against him," and the parties stipulated to the doctor's report in open court. The court then stated in its journal entry that "both [the] state and [the] defense stipulate in court and on the record to Defendant's competency report * * *." Where an individual is presumed competent, the record demonstrates that the parties stipulated to the defendant's competency, and the court noted the parties' stipulation in its journal entry, the defendant's competency is no longer an issue that would preclude the trial court

from making a reliable determination of the defendant's ability to enter a knowing, intelligent, and voluntary plea. Under these circumstances, the fact that the trial court's entry did not explicitly "find" Smith competent is of no import.

{¶ 19} Johnson's first assignment of error is overruled.

### III. Consecutive Sentences

{¶ 20} In his second assignment of error, Smith contends that his sentence is contrary to law because, although he agreed to a sentencing range, he did not agree to a consecutive prison term and the record does not support consecutive terms. Smith's sentence, however, is not reviewable.

{¶ 21} R.C. 2953.08 governs a defendant's right to appeal a sentence. *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 15. R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." In applying R.C. 2953.08(D), the Ohio Supreme Court has recognized that "[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 25.

{¶ 22} This court has previously found that an agreement to a sentencing range, as opposed to a specific term of incarceration, is a jointly recommended sentence for purposes of R.C. 2953.08(D)(1). *State v. Grant*, 2018-Ohio-1759, 111 N.E.3d 791, ¶ 19 (8th Dist.). And "[s]o long as the sentence imposed within a jointly recommended sentencing range is authorized by law, the sentence is not reviewable on appeal." *Id.* at ¶ 20, citing R.C. 2953.08(D)(1); *see also State v. Brown*, 2019-Ohio-1455, 129 N.E.3d 524, ¶ 23 (1st Dist.); *State v. Ramsey*, 5th Dist. Licking No. 16-CA-91, 2017-Ohio-4398, ¶ 15-17; *State v. Essinger*, 2d Dist. Montgomery No. 26593, 2016-Ohio-4977, ¶ 10; *State v. Connors*, 2d Dist. Montgomery No. 26721, 2016-Ohio-3195, ¶ 4; *State v. Scurles*, 6th Dist. Lucas Nos. L-07-1108 and L-07-1109, 2008-Ohio-2480, ¶ 7-9.

{¶ 23} A sentence is "authorized by law," and therefore not reviewable on appeal, "'if it comports with all mandatory sentencing provisions.'" *Sergent* at ¶ 26, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923. A sentence that is within the authorized statutory ranges for the offenses and comports with all mandatory sentencing provisions is authorized by law. *Grant* at ¶ 23. And when the trial court imposes nonmandatory consecutive sentences within an agreed sentencing range, the sentence is authorized by law and not subject to review, regardless of any express agreement to consecutive sentences. *Id.* at ¶ 24; *State v. Cobb*, 8th Dist. Cuyahoga No. 106928, 2018-Ohio-5043, ¶ 13; *State v. Patterson*, 8th Dist. Cuyahoga No. 106655, 2018-Ohio-4114, ¶ 10.

{¶ 24} Here, there is no dispute that the parties agreed to a sentencing range of 9 to 25 years, and the sentencing range is within the authorized statutory ranges for the offenses. And there is no allegation that Smith's sentence fails to otherwise comport with "mandatory sentencing provisions." Because Smith agreed that any sentence within that range is appropriate, the trial court was therefore permitted to impose nonmandatory consecutive sentences within the agreed sentencing range. And as the trial court noted, Smith's agreed sentencing range necessarily included consecutive sentences:

> So just so it's clear on the record although you are proposing a recommended agreed sentence on Count 1 and Count 4, that would involve consecutive time, you all agree Count 1 and Count 4, so the record is clear, do not merge, correct?
>
> * * *
>
> So on Count 1, your potential prison sentence is anywhere from 6 to 14 years. On Count 4, as it's been amended to kidnapping, a felony of the first degree again, anywhere from 3 to 11 years. Do you understand that Count 1 and Count 4, if they run consecutive to one another for a total prison sentence, then you are looking at a total prison sentence of 25 years? Do you understand that?

{¶ 25} In light of the foregoing, we find that the trial court's imposition of an aggregate 24 years in prison, which included nonmandatory consecutive sentences within the agreed recommended sentencing range, is not reviewable pursuant to R.C. 2953.08(D)(1).

{¶ 26} Smith's second assignment of error is overruled.

{¶ 27} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

EILEEN T. GALLAGHER, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR