[Cite as *State v. Harris*, 2022-Ohio-933.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110635 |
| v. | : | |
| SHAYLA HARRIS, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 24, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-650132-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Allison Cupach, Assistant Prosecuting Attorney, *for appellee.*

Buckeye Law Office and P. Andrew Baker, *for appellant.*

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Defendant-appellant, Shayla Harris ("Harris"), appeals from her conviction and sentence on a multiple-count indictment following a plea agreement. Harris asserts as error the court's finding of her competency to enter into the

agreement and further alleges her sentence, entered pursuant to the Reagan Tokes Law, is unconstitutional. We find that the trial court properly addressed Harris's competency; therefore, we do not find that the trial court erred in accepting her guilty plea and we affirm her conviction. Additionally, we find that Harris's sentence, imposed pursuant to the Reagan Tokes Law, is appropriate and constitutional.

{¶ 2} In 2020, Harris was charged in a 14-count indictment stemming from three separate hit-and-run incidents that occurred in April 2020. On April 1, 2020, Harris struck a man walking his dog in Bay Village with her car; she also hit the dog. The man suffered permanent injuries. On April 4, 2020, Harris struck a woman walking to get her mail in Westlake; the woman suffered long-term injuries. On April 7, 2020, Harris used her car to strike two women and their dog in Bay Village, causing permanent injuries to one woman and long-term injuries to the other. The dogs involved in the incidents survived.

{¶ 3} Harris was charged with four counts of attempted murder, eight counts of felonious assault, and two counts of injuring animals. The court ordered Harris to undergo a clinical evaluation to determine her competency to stand trial. Her case was also transferred to the mental health docket.

{¶ 4} On April 28, 2021, the parties stipulated to Harris's competency report and agreed that she was competent to stand trial. At the same hearing, Harris pleaded guilty to two counts of felonious assault in violation of R.C. 2903.11(A)(2), felonies of the second degree, two counts of attempted murder in violation of R.C.

2923.02 and 2903.02(A), felonies of the first degree, and two counts of mistreating animals in violation of R.C. 2959.02, misdemeanors of the first degree.

{¶ 5} On June 8, 2021, the trial court sentenced Harris to nine to 13 and one-half years in prison pursuant to provisions of the Reagan Tokes Law. Harris filed a notice of appeal and assigned the following two assignments of error for our review:

> I. The trial court erred when it convicted defendant-appellant without sufficiently establishing that she was competent to stand trial.

> II. The trial court erred in relying on the Reagan Tokes Law.

{¶ 6} In the first assignment of error, Harris contends that her guilty plea should be vacated because the trial court did not make a finding that she was competent before accepting her plea.

{¶ 7} In Ohio, competency to stand trial is presumed and the defendant bears the burden of proving incompetency by a preponderance of the evidence. *State v. Roberts*, 137 Ohio St.3d 230, 2013-Ohio-4580, 998 N.E.2d 1100, ¶ 89, citing R.C. 2945.37(G); *State v. Ingram*, 8th Dist. Cuyahoga Nos. 107587 and 107588, 2019-Ohio-2438. If the issue of a defendant's competency is raised the court "shall" hold a competency hearing. R.C. 2945.37(B); *State v. Were*, 94 Ohio St.3d 173, 2002-Ohio-481, 761 N.E.2d 591, paragraph one of the syllabus. Following the hearing, "if the court * * * finds that the defendant is competent to stand trial, the defendant shall be proceeded against as provided by law." R.C. 2945.38(A).

{¶ 8} Either party may submit evidence on the issue of the defendant's competency, and a "written report of the evaluation of the defendant may be

admitted into evidence at the hearing by stipulation[.]" R.C. 2945.37(E). A stipulation is "'[a] voluntary agreement between opposing counsel concerning the disposition of some relevant matter so that evidence on the matter does not have to be introduced at the trial.'" *State v. Hardley*, 8th Dist. Cuyahoga Nos. 88456 and 88457, 2007-Ohio-3530, ¶ 18, quoting *West's Legal Thesaurus/Dictionary* 716-717 (1985). Although R.C. 2945.37(B) provides that a court "shall" hold a competency hearing, this court has consistently held that when a defendant stipulates to competency, "a trial court need not hold a hearing pursuant to R.C. 2945.37(B) because a hearing is only needed to introduce evidence rebutting the presumption of competency established in R.C. 2945.37(G)." *State v. Dienes*, 8th Dist. Cuyahoga No. 97578, 2012-Ohio-4588, ¶ 9, citing *State v. Smith*, 8th Dist. Cuyahoga No. 95505, 2011-Ohio-2400, ¶ 6. *See also State v. Smith*, 8th Dist. Cuyahoga No. 108708, 2020-Ohio-3454. "A hearing is not required in all situations, only those where the competency issue is raised and maintained." *Dienes* at *id.*

{¶ 9} In other words, when a defendant stipulates to competency, as happened in the case at bar, "a trial court need not hold a hearing pursuant to R.C. 2945.37(B) because a hearing is only needed to introduce evidence rebutting the presumption of competency established in R.C. 2945.37(G)." *Id.*, citing *Smith*, 2011-Ohio-2400, at ¶ 6. *See also State v. Lewis*, 2017-Ohio-461, 84 N.E.3d 294, ¶ 29 (8th Dist.). This court has also held that R.C. 2945.37 does not require the court to make specific findings on the record regarding a defendant's competency, "'above and beyond the report itself.'" *Smith,* 2020-Ohio-3454, at ¶ 11, quoting *Dienes* at ¶ 10.

{¶ 10} Harris cites *State v. Whitling*, 2018-Ohio-1360, 110 N.E.3d 63 (12th Dist.), to support her contention that the trial court failed to properly find her competent to stand trial. In *Whitling*, the trial court ordered a competency evaluation and subsequently held a competency hearing. The court found that the defendant was competent to stand trial and stated as much at the hearing but did not journalize its finding. On appeal, the Twelfth District vacated the plea, reasoning that because the trial court did not journalize its finding that the defendant was competent to stand trial, the court was precluded from making a "reliable determination" of the defendant's ability to enter a knowing, intelligent, and voluntary plea. *Id.* at ¶ 17.

{¶ 11} Unlike *Whitling*, the trial court herein accepted a stipulation made between the parties that Harris is competent and then journalized its finding. *Whitling* is clearly distinguishable for these reasons. Notably, this court recently distinguished the holding of *Whitling* in *Smith*, 2020-Ohio-3454. In *Smith*, the trial court referred the defendant to the court psychiatric clinic for a competency evaluation. The defendant was evaluated, found competent to stand trial, pleaded guilty, and was sentenced. On appeal, the defendant claimed that his guilty plea should be vacated because the trial court did not make a finding that he was competent before accepting his plea and did not journalize a finding that he was competent. As in this case, the defendant relied on *Whitling*.

{¶ 12} This court found *Whitling* inapposite, reasoning

[w]here an individual is presumed competent, the record demonstrates that the parties stipulated to the defendant's competency, and the court noted the parties' stipulation in its journal entry, the defendant's competency is no longer an issue that would preclude the trial court from making a reliable determination of the defendant's ability to enter a knowing, intelligent, and voluntary plea.

*Smith* 2020-Ohio-3454 at ¶ 18.

{¶ 13} This court concluded, "[u]nder these circumstances, the fact that the trial court's entry did not explicitly 'find' the defendant competent is of no import." *Id.*"

{¶ 14} In the case at bar, Harris was referred to the court psychiatric clinic on September 2, 2020. On the day of her plea hearing, the trial court stated:

Court:  On a prior date, [the trial court] had referred Miss Harris to the court clinic for a competency evaluation.  I'm in receipt of that document.  I wanted to make sure we are all on the same page and it does opine with a reasonable medical certainty that she presents with signs and symptoms of the aforementioned diagnosis.  It also indicates that she would have the capacity to understand the nature and objective of the proceedings against her. Does the state stipulate to the findings of that report?

State: We do stipulate.

Court: Counsel?

Defense counsel: We do stipulate.

{¶ 15} The court's journal entry stated, "Defense counsel and state stipulate to competency evaluation completed by Jacqueline Heath Ph.D. and dated 10/6/2020."

{¶ 16} Thus, as in *Smith*, 2020-Ohio-3454, because Harris is presumed competent, the parties stipulated to her competency, and the trial court noted the stipulation in its journal entry, we find that the trial court complied with the statute.

{¶ 17} Accordingly, the first assignment of error is overruled.

{¶ 18} Harris was sentenced to an indeterminate sentence of nine to 13 and one-half years in prison pursuant to the Regan Tokes Law. Defense counsel objected to the imposition of sentence under this law, properly preserving the issue for appeal. In the second assignment of error, Harris argues that the trial court erred in sentencing her under the Regan Tokes Law because it is unconstitutional and raises due process and separation-of-powers arguments.

{¶ 19} Harris's arguments are overruled pursuant to this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, which overruled the challenges presented in this appeal to the Regan Tokes Law.

{¶ 20} The second assignment of error is overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
MARY EILEEN KILBANE, J., CONCUR


N.B. Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.