[Cite as *State v. Holman*, 2023-Ohio-716.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

    v. :

AMEER HOLMAN, :

    Defendant-Appellant. :

No. 111735

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 9, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-660853-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carson M. Strang and Eben McNair, Assistant Prosecuting Attorney, *for appellee.*

Patituce & Associates, LLC, Megan M. Patituce, and Mallorie A. Thomas, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Ameer Holman ("Holman") appeals from his sentence for involuntary manslaughter and felonious assault following a guilty plea. For the reasons that follow, we affirm.

**Factual and Procedural History**

{¶ 2} The underlying case arose from events that occurred on April 26, 2021. Holman, then a 16-year-old student at Bedford High School in Bedford, Ohio, left school around 2:30 p.m. and began to walk to his home on McKinley Street. Two vehicles carrying seven other students left the high school around the same time and proceeded to pull over and confront Holman on McKinley Street. Royce Hamilton ("Hamilton") got out of one of the vehicles, confronted Holman, and got back in the front passenger seat of the vehicle. Holman continued walking down the street and the vehicles pulled up to him again. Holman then fired three rounds into one of the vehicles, shooting Hamilton in the head. Hamilton was taken to the hospital, placed on life support, and died several days later as a result of the gunshot wound.

{¶ 3} As a result of this incident, on June 30, 2021, a Cuyahoga County Grand Jury indicted Holman on 11 counts: Count 1, murder in violation of R.C. 2903.02(A); Count 2, murder in violation of R.C. 2903.02(B); Count 3, involuntary manslaughter in violation of R.C. 2903.04(A); Count 4, discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3); Count 5, felonious assault in violation of R.C. 2903.11(A)(1); Count 6, felonious assault in violation of R.C. 2903.11(A)(2); Count 7, felonious assault in violation of R.C. 2903.11(A)(2); Count 8, felonious assault in violation of R.C. 2903.11(A)(2); Count 9, tampering with evidence in violation of R.C. 2921.12(A)(1); Count 10, carrying a concealed weapon in violation of R.C. 2923.12(A)(2); and Count 11, improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B). Counts 1, 2, 3, 4, 5, 6, 7,

and 8 carried one- and three-year firearm specifications. All counts except Count 9 carried forfeiture specifications.

{¶ 4} Holman initially pleaded not guilty to the indictment. On April 4, 2022, the state of Ohio moved to amend Count 1 of the indictment to involuntary manslaughter in violation of R.C. 2903.04(A), a felony of the first degree, with the underlying felony offense of discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A), with one- and three-year firearm specifications. The state further moved to amend Count 7 of the indictment, felonious assault, to include the name of two victims.

{¶ 5} Holman pleaded guilty to amended Count 1 with one- and three-year firearm specifications and amended Count 7. The state and defense counsel jointly recommended a sentence of 15 to 20 years to the court. The court referred Holman to the probation department for preparation of a presentence-investigation report.

{¶ 6} On June 15, 2022, the court held a sentencing hearing. The assistant prosecuting attorney, defense counsel, Holman, and Hamilton's parents addressed the court. Defense counsel requested a 15-year sentence; the state requested a 20-year sentence. On Count 1, the court sentenced Holman to a minimum of 11 years and a maximum of 16 years and six months. On Count 7, the court sentenced Holman to three years, to run consecutively to the sentence on Count 1. The two three-year firearm specifications were ordered to be served consecutive to each other and to the sentences on the underlying offenses, for an aggregate sentence of 20 to 25.5 years. The court also credited Holman with 415 days of jail-time credit.

{¶ 7} Holman appeals, presenting a single assignment of error for our review:

> The trial court erred when it failed to consider the youth factors prior to sentencing Mr. Holman as set forth in R.C. 2929.19 and *State v. Patrick*.

**Legal Analysis**

{¶ 8} In Holman's sole assignment of error, he argues that the trial court erred when it sentenced him without considering his youth pursuant to R.C. 2929.19 and *State v. Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952. Specifically, Holman asserts that the trial court failed to state exactly how it considered youth and other mitigating factors.

{¶ 9} R.C. 2953.08 governs a defendant's right to appeal a sentence. *State v. Smith*, 8th Dist. Cuyahoga No. 108708, 2020-Ohio-3454, ¶ 21, citing *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 15. R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." This court has repeatedly found that an agreement to a sentencing range, as opposed to a specific term of incarceration, is a jointly recommended sentence for purposes of R.C. 2953.08(D)(1). *Id.* at ¶ 22, citing *State v. Grant*, 2018-Ohio-1759, 111 N.E.3d 791, ¶ 19 (8th Dist.). "'So long as the sentence imposed within a jointly recommended sentencing range is authorized by law, the sentence is not reviewable on appeal.'" *Id.*; *see also State v. Brown*, 2019-Ohio-

1455, 129 N.E.3d 524, ¶ 23 (1st Dist.); *State v. Ramsey*, 5th Dist. Licking No. 16-CA-91, 2017-Ohio-4398, ¶ 15-17; *State v. Essinger*, 2d Dist. Montgomery No. 26593, 2016-Ohio-4977, ¶ 10; *State v. Connors*, 2d Dist. Montgomery No. 26721, 2016-Ohio-3195, ¶ 4; *State v. Scurles*, 6th Dist. Lucas Nos. L-07-1108 and L-07-1109, 2008-Ohio-2480, ¶ 7-9.

{¶ 10} Here, the parties do not dispute that they jointly agreed upon a range of 15 to 20 years, and the sentencing range is within the statutory ranges for the offenses. Further, while Holman argues that he should be resentenced because the trial court allegedly failed to properly consider his youth, this argument does not allege that his sentence is somehow not "authorized by law" pursuant to R.C. 2953.08(D)(1). Because Holman's sentence was within the recommended sentencing range and was authorized by law, it is not reviewable on appeal pursuant to R.C. 2953.08(D)(1). Finally, we note that the record reflects that the trial court considered the R.C. 2929.19(B)(1)(b) factors including Holman's age, his family and home environment, and circumstances of the offense. Therefore, Holman's sole assignment of error is overruled.

{¶ 11} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR