[Cite as *State v. Peterson*, 2024-Ohio-5379.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2024 CA 00028 |
| JACOB A. PETERSON | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. 2023 CR 00369 |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | November 12, 2024 |


APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| KENNETH W. OSWALT<br>PROSECUTING ATTORNEY<br>20 South Second Street<br>Newark, Ohio 43055 | BRIAN A. SMITH<br>BRIAN A. SMITH LAW FIRM, LLC<br>123 South Miller Road, Suite 250<br>Fairlawn, Ohio 44333 |

*Wise, J.*

{¶1}   Appellant, Jacob A. Peterson, appeals from the November 16, 2023 judgment entry of the Licking County Court of Common Pleas convicting him of rape and gross sexual imposition after he pleaded guilty. Plaintiff-appellee, the State of Ohio, did not file a brief in this appeal.

## FACTS AND PROCEDURAL HISTORY

*Peterson pleads guilty*

{¶2}   The May, 2023 term of the Licking County Grand Jury indicted the appellant, Jacob A. Peterson, on two counts of rape, a violation of R.C. 2907.02(A)(1)(b) [F1] and two counts of gross sexual imposition, a violation of R.C. 2907.05(A)(4) [F3]. It was alleged the victim was less than thirteen years of age.

{¶3}   Peterson pleaded not guilty at his arraignment and the case proceeded before the Licking County Common Pleas Court.

{¶4}   On November 16, 2023, Peterson appeared before the trial court and changed his pleas from not guilty to guilty to one count of rape and one count of gross sexual imposition. (Tr. Plea, Sentencing at 14).

{¶5}   The trial court, pursuant to Crim.R. 11, carefully explained the ramifications of guilty pleas, including his right to a jury trial and right to confront witnesses. The trial court explained that by pleading guilty, he severely limited his chances of any appeal being successful.  Tr. Plea and Sentencing at 7-9.

{¶6}   The facts that led to the charges were stated by the state:

On May 24, 2023, A.G. filed a report with the Newark Police Department on behalf of her four-year-old daughter, C.G. A.G. advised that

on the morning of May 24, 2023, she was getting her daughter ready for day care. A.G. began speaking with her daughter about going to see her babysitter, C.P., after day care, at which time C.G. expressed that she did not want to go. When A.G. asked C.G. why she did not want to go to C.P.'s house, C.G. disclosed that C.P.'s 18-year-old son, Defendant Jacob Peterson, makes her play "the booger game." When A.P. questioned C.G. about "the booger game", C.G. began to describe that it involves the Defendant placing his penis inside of her mouth.

C.G. was subsequently taken to Kids' Place and interviewed by a Licking County Children's Services worker. As C.G. began to describe "the booger game" to the CPS worker it became apparent that "the booger game" was C.G. performing oral sex on the Defendant.

C.G. described Jacob Peterson placing his penis inside of her mouth and described the Defendant ejaculating into a towel. C.G. also disclosed that the Defendant would spit on her back side and place his penis inside her butt – in her buttocks.

Newark Police Department subsequently located the Defendant and conducted an interview with the Defendant at the Newark Police station. The Defendant admitted to having C.G. perform oral sex on him as part of "the booger game" at least two to three times. The Defendant further admitted to placing his penis in between C.G.'s buttocks, spitting on her buttocks for lubrication, and moving the penis back and forth to ejaculate. The Defendant estimated that he had done this around four to five times.

**{¶7}**  Tr. Plea and Sentencing at 10-11.

**{¶8}**  When asked if he agreed with those facts, Peterson stated "Yes Your Honor." Tr. Plea and Sentencing at 11.

**{¶9}**  Peterson then pleaded guilty to the charges:

[COURT]     Are you asking the Court to accept your guilty pleas here today, Mr. Peterson?

[DEFENDANT]      Yes, Your Honor.

[COURT]     Are you changing your pleas to guilty because you are, in fact guilty?

[DEFENDANT]      Yes, Your Honor.

**{¶10}**  Tr. Plea, Sentencing at 13-14.  *See also* Admission of Guilt Nov. 16, 2023.

**{¶11}**  The state dismissed the remaining counts of rape and gross sexual imposition.

**{¶12}**  The trial court accepted his plea and proceeded to sentencing.

*Sentencing*

**{¶13}**  Peterson was sentenced to an agreed upon prison sentence of fifteen years to life on the count of rape and a prison term of five years on the count of gross sexual imposition to run consecutively for an aggregated prison term of twenty years to life.

**{¶14}**  Peterson was sentenced to post-release control and declared a Tier III sexual offender.

**{¶15}**  The trial court found that consecutive sentences were necessary to protect the public from future crime and that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the

public. The trial court also found the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Anders appeal*

**{¶16}** Following his conviction and sentence, appellate counsel was appointed and this Court granted appellant leave to file a delayed appeal.

**{¶17}** Appellant's counsel filed a brief on July 17, 2024 and moved this Court for permission to withdraw as counsel for appellant on the grounds that the appeal is frivolous citing *Anders v. California,* 386 U.S. 738, 739 (1987). Appellant's counsel cited one potential assignment of error, to wit: "Whether Appellant's convictions on Count One and Four were contrary to law because the trial court did not have subject matter jurisdiction to convict and sentence Appellant, where appellant was not subject to the juvenile bindover procedure pursuant to R.C. 2152.10, since the Indictment stated the date of the purported offenses as 'on or about the 1st day of August 2022,' one day after Appellant's eighteenth birthday due to his stated date of birth of July 31, 2004, in violation of Appellant's right to Due Process under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

**{¶18}** Appellant's counsel alleged that after reviewing the original court file, sentencing entry, pleadings and the transcript of proceedings, he could find no error by the trial court prejudicial to appellant's rights which may be argued to this Court on appeal.

**{¶19}** Appellant's counsel alleged and the record reveals that he provided Peterson a copy of an appellant's brief containing the one potential assignment of error. The record reveals no brief filed by appellant and no response from the state.

**{¶20}** This matter is now before this Court on the motion of counsel to withdraw pursuant to *Anders* and an independent analysis of the appeal.

## LAW AND ANALYSIS

**{¶21}** In *Anders,* the United States Supreme Court established five criteria which must be met before a motion to withdraw may be granted:

(1)     A showing appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous.

(2)     A showing a motion to withdraw has been filed by appellant's counsel.

(3)     The existence of a brief filed by appellant's counsel raising any potential assignments of error.

(4)     A showing the appellant's counsel provided to the appellant a copy of said brief.

(5)     A showing appellant's counsel provided appellant adequate opportunity to file a pro se brief raising any additional assignments of error appellant believes the appellate court should address. *Id.* at 744.

**{¶22}** Upon a finding that these criteria have been met, *Anders* requires that the court, not counsel, proceed to decide whether the case is wholly frivolous. If so, the court may allow appellant's counsel to withdraw and dismiss the appeal.

**{¶23}** If, however, the court finds any legal points, arguably on the merits, it must, prior to decision, afford the indigent appellant the assistance of counsel to argue the appeal. *State v. Middaugh*, 2003-Ohio-91, ¶¶ 4-9 (5th Dist.), citing *Anders, supra; See also* Local App.R. 9 (G)(1).

**{¶24}** With that standard in mind, we review this appeal.

**{¶25}** First, we find that appellant's counsel, through the merit brief filed and his assertions, made a thorough review of the case. Second, we find that while appellant's counsel did not file a separate motion to withdraw, it made such a motion in his brief and timely served appellant with the brief identifying one potential assignment of error. Appellant has filed no brief or documents and the record indicates that he received a copy of the brief and had an opportunity to respond with his own filings.

**{¶26}** We turn now to any potential assignments of error. Appellant's counsel lists the following potential assignment of error:

**POTENTIAL ASSIGNMENT OF ERROR**

**{¶27}** "I. WHETHER APPELLANT'S CONVICTION ON COUNTS ONE AND FOUR WERE CONTRARY TO LAW, BECAUSE THE TRIAL COURT DID NOT HAVE SUBJECT MATTER JURISDICTION TO CONVICT AND SENTENCE APPELLANT, WHERE APPELLANT WAS NOT SUBJECT TO THE JUVENILE BINDOVER PROCEDURE PURSUANT TO R.C. 2152.10, SINCE THE INDICTMENT STATED THE DATE OF THE PURPORTED OFFENSES AS 'ON OR ABOUT THE 1ST DAY OF AUGUST 2022' ONE DAY AFTER APPELLANT'S EIGHTEENTH BIRTHDAY DUE TO HIS STATED DATE OF BIRTH OF JULY 31, 2004."

**{¶28}** A guilty plea is a complete admission to the facts set forth in the indictment, provided that the plea is voluntary, knowing and intelligent. *State v. Colon,* 2017-Ohio-8478, ¶ 15 (8th Dist.).

**{¶29}** So, too, the plea was a negotiated plea and sentence. R.C. 2953.08(D)(1) limits an appellate court's ability to review an agreed upon sentence. "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." *State v. Holman,* 2023-Ohio-716, ¶ 10 ("Because Holman's sentence was within the recommended sentencing range and was authorized by law, it is not reviewable on appeal pursuant to R.C. 2953.08(D)(1).")

**{¶30}** Accordingly, we turn to the transcripts and record of the plea hearing and sentencing hearing. We review whether the trial court erred in accepting appellant's guilty plea and complied with Crim.R. 11. We next review the sentence appellant received and whether it was within the penalties prescribed for felonies of rape and gross sexual imposition involving a victim under the age of thirteen. Finally, we consider the potential assignment of error suggested by appellant's counsel.

**{¶31}** We find that appellant's pleas of guilty were taken in accordance with Crim.R. 11.

**{¶32}** The trial court carefully laid out the rights that Peterson waived by entering a guilty plea, including the right to a jury trial and the right to subpoena witnesses on his behalf. Peterson acknowledged that he was giving up those rights, was not under any duress, and that he was satisfied with his trial counsel.

**{¶33}** We further find that the sentence of twenty years to life in prison was reasonable, not contrary to law and within the sentencing parameters for the rape and gross sexual imposition of a child under thirteen years of age. So too, the trial court made the necessary findings to order consecutive sentences. R.C. 2929.14(E)(4).

**{¶34}** In his potential assignment of error, appellant's counsel argues that the conviction on rape and gross sexual imposition were contrary to law because the trial court did not have subject matter jurisdiction to convict and sentence appellant where the indictment stated the date of the offense as on or about the first day of August, 2022, and appellant did not reach his eighteenth birthday until July 31, 2004.

**{¶35}** The implication of this potential assignment of error is that appellant may have been age 17 when he committed one or more acts of criminal conduct alleged in the indictment because the indictment stated on or about the first day of August, 2022.

**{¶36}** Appellant did not challenge the indictment or raise the issue of the potential jurisdiction of the juvenile court. An appellate court will not consider any error which counsel for a party could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. *State v. Childs,* 14 Ohio St.2d 56 (1968), paragraph three of the syllabus.

**{¶37}** Appellant never challenged that he was an adult and 18 or older when he committed the crimes. Indeed, he agreed with the facts as recited at his plea and sentencing hearing that he was the age of 18 when he committed the acts.

**{¶38}** Accordingly, we find there is no merit to the proposed assignment of error.

**{¶39}** After a full and complete examination of the record, including a transcript of the proceedings below, we further find this appeal is wholly frivolous. The record,

including the plea hearing and sentencing hearing is lacking any legal points arguable on the merits.

**{¶40}** This Court grants the motion of appellant's counsel to withdraw from the case, dismisses the appeal, and affirms the conviction and sentence of the trial court.

By: Wise, J.

Delaney, P. J., and

Baldwin, J., concur.

JWW/kt 1107