[Cite as *State v. Collini*, 2015-Ohio-4784.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                                   :
                                                :
    Plaintiff-Appellee                          :        C.A. CASE NO. 26587
                                                :
v.                                              :        T.C. NO. 14CR2746
                                                :
JASON T. COLLINI                                :        (Criminal Appeal from
                                                :         Common Pleas Court)
    Defendant-Appellant                         :
                                                :

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___20th___ day of ___November___, 2015.

. . . . . . . . . . .

CHRISTINA E. MAHY, Atty. Reg. No. 0092671, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

WILLIAM O. CASS, JR., Atty. Reg. No. 0034517, 135 W. Dorothy Lane, Suite 209, Kettering, Ohio 45429
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, P.J.

{¶ 1} Jason T. Collini was convicted, upon his guilty plea, of two counts of rape by force, one count of gross sexual imposition, and one count of sexual battery.   As part of his plea, Collini and the State agreed to a prison sentence between 12 and 20 years. The trial court imposed consecutive sentences totaling 20 years in prison, a $50 fine, and

court costs.  Collini appeals from his conviction, challenging the trial court's sentence.  For the following reasons, the trial court's judgment will be affirmed.

## I. Procedural History

{¶ 2} On August 14, 2014, Collini was indicted on three counts of rape of a child under the age of 13 (first-degree felony), two counts of sexual battery (third-degree felony), and two counts of unlawful sexual conduct with a minor (third-degree felony).  The indictment alleged that the rapes occurred between September 21, 2006 and September 20, 2011; the remaining counts allegedly occurred between June 1, 2008 and March 1, 2013.   If convicted of the indicted charges, Collini faced sentences of 10 years to life for each of the rapes and a maximum sentence of 60 months for each of the remaining four charges; if run consecutively, Collini could have received a maximum term of 50 years to life in prison, absent merger of any of the offenses.

{¶ 3} Collini and the State subsequently reached an agreement whereby Collini would plead guilty to two amended counts of rape, in violation of R.C. 2907.02(A)(2), and a charge of gross sexual imposition (less than 13 years old), in violation of R.C. 2907.05(A)(4); these counts would be charged by a bill of information.   Collini also agreed to plead guilty to one count of sexual battery (Count Four) and one count of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A)(4) (Count Six), as alleged in the indictment.   In exchange for the pleas, the State agreed to dismiss Counts One, Two, Three, Five, and Seven of the indictment.

{¶ 4} Based on the agreed-upon charges, Collini faced a maximum, consecutive sentence of 35 years in prison, absent merger of any of the offenses.  However, the parties agreed in the plea agreement to a sentence of no less than 12 years in prison and

no more than 20 years in prison.   The parties further agreed that the sentences would be mandatory and that Collini would not be granted judicial release, even if he were otherwise eligible.

{¶ 5} On January 6, 2015, Collini entered the agreed-upon guilty pleas.   The court entered findings of guilt and ordered a presentence investigation.

{¶ 6} A sentencing hearing was held on January 20, 2015.   At the beginning of the hearing, the parties agreed that the potential sentence for the first-degree felonies was three to ten years and that Counts Four and Six (sexual battery and unlawful sexual conduct with a minor) merged for sentencing.   The State elected for Collini to be sentenced for sexual battery.

{¶ 7} The trial court heard statements from the minor complainant and the complainant's mother, as read by a victim advocate.   The trial court indicated that it had reviewed the presentence investigation report.   Collini and his counsel declined to make statements.   The court imposed sentences of eight years for each of the rapes, which were mandatory sentences, and 24 months each for gross sexual imposition and sexual battery.   The trial court ordered that the sentences be served consecutively, for an aggregate sentence of 20 years in prison.   The court made the statutory findings under R.C. 2929.14(C)(4).   The court also ordered Collini to pay a $50 fine and court costs. The trial court informed Collini that he was designated a Tier III sex offender for the rapes and sexual battery, and a Tier II sex offender for the gross sexual imposition.

{¶ 8} Collini appeals from his sentence.

## II. Maximum Agreed Sentence

{¶ 9} In his sole assignment of error, Collini claims that "[t]he trial court erred when

it imposed the maximum sentence allowed under the plea agreement." Collini argues that he had only two prior felony convictions, which occurred 18 years earlier and were for fifth-degree felonies. He also states that the presentence investigator did not "give him credit" for expressing remorse.

{¶ 10} We begin with the question of whether Collini is able to appeal his sentence. R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is *authorized by law*, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." (Emphasis added.) R.C. 2953.08(D)(1). "A sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, paragraph two of the syllabus.

{¶ 11} The sentencing range that Collini faced for his rape convictions was three to ten years. R.C. 2929.14(A)(1). The sentence range for sexual battery and gross sexual imposition, both third-degree felonies, was 12, 18, 24, 30, 36, 42, 48, 54, or 60 months. The trial court's eight-year sentence for each rape and its 24-month sentences for sexual battery and gross sexual imposition were within the statutory ranges for those offenses; none was a maximum sentence.

{¶ 12} "This court's case law * * * establishes that a sentence within a jointly-recommended range is a jointly-recommended sentence for purposes of R.C. 2953.08." *State v. Chattams*, 2d Dist. Montgomery No. 26151, 2015-Ohio-453, ¶ 5, citing *State v. DeWitt*, 2d Dist. Montgomery No. 24437, 2012-Ohio-635, ¶ 13-15. In *DeWitt*, we held that the trial court's aggregate sentence of 16 years was not reviewable on appeal, when

the sentence was within the agreed-upon range of 16 to 20 years and was authorized by law.

{¶ 13} Collini agreed to a sentence between 12 and 20 years in prison for multiple offenses, two of which were first-degree felonies, and the trial court imposed a sentence within that range. Collini does not claim that the trial court failed to comply with any mandatory sentencing provisions in imposing the 20-year sentence. Although Collini apparently believes his sentence is unduly harsh and that the record, particularly the presentence investigation report, does not support a 20-year sentence, the trial court made the findings required by R.C. 2929.14(C) for the imposition of consecutive sentences. Under these circumstances, Collini cannot appeal his sentence.

{¶ 14} Even if Collini could appeal, we would have to find that his 20-year aggregate sentence was clearly and convincingly not supported by the record in order to reverse that sentence. See R.C. 2953.08(G)(2). Given the record before us, Collini's claim would lack merit. The trial court's imposition of consecutive sentences was not based only on Collini's criminal history and lack of remorse. Rather, the court indicated that its imposition of consecutive sentences was based primarily on the "lengthy" period of time over which the offenses occurred; the rapes occurred over a four-year period, when the complainant was between 10 and 14 years old. The record further reflects that Collini was in a long-term relationship with the complainant's mother and acted as a step-father for the complainant. As a result of the abuse, the complainant had an injury to her hymen and contracted a sexually transmitted disease. Collini advised the presentence investigator that he felt like "a monster and a failure" and that he did not act as a father should treat his child. Even if we were to construe Collini's statement as one

of remorse, we would not find that the trial court's imposition of consecutive sentences was clearly and convincing unsupported by the record.

{¶ 15} Collini's assignment of error is overruled.

### III. Conclusion

{¶ 16} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Christina E. Mahy
William O. Cass, Jr.
Hon. Mary Katherine Huffman