[Cite as *State v. Shepherd*, 2024-Ohio-4618.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.    23CA012065 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO CASE No.    22CR107922 |
| HEZEKIAH T. SHEPHERD | | |
| Appellant | | |

DECISION AND JOURNAL ENTRY

Dated: September 23, 2024

SUTTON, Judge

{¶1}    Defendant-Appellant Hezekiah T. Shepherd appeals the judgment of the Lorain County Court of Common Pleas.  For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2}    Mr. Shepherd was charged in the Lorain County Court of Common Pleas, Juvenile Division, in connection with the September 12, 2022 shooting death of 14-year-old S.E.  Mr. Shepherd was 16 years old at the time of the offense.  The State of Ohio gave notice of its intent to seek transfer of Mr. Shepherd's case to the general division of the Lorain County Court of Common Pleas for Mr. Shepherd to be tried as an adult.  After an evidentiary hearing, the juvenile court found probable cause for all 17 counts charged, including counts for murder, felonious assault, and firearm charges, as well as numerous specifications to those counts, including firearm, gang, and firearm discharged from motor vehicle (drive-by shooting) specifications.  As a result,

Mr. Shepherd was indicted on 17 counts, including 2 counts of murder, in violation of R.C. 2903.02(B), together with 3-year firearm specifications (R.C. 2941.145), 5-year drive-by shooting specifications (R.C. 2941.146), and criminal gang activity specifications (R.C. 2941.142), as well as 5 counts of felonious assault, in violation of R.C. 2903.11(A)(2), all with firearm, drive-by shooting, and criminal gang activity specifications.

{¶3} On October 11, 2023, while represented by counsel, Mr. Shepherd pleaded guilty to amended charges. As part of the plea agreement, the State of Ohio and Mr. Shepherd jointly recommended an aggregate sentence of 23 years to life in prison, the State agreed to dismiss most of the specifications, and Mr. Shepherd waived his right to appeal or initiate postconviction proceedings except for claims of prosecutorial misconduct or ineffective assistance of counsel.

{¶4} That same day, the trial court imposed the jointly recommended sentence of 23 years to life in prison, which consisted of 15 years to life for murder, together with 3 years on the firearm specification to be served prior to and consecutive to Mr. Shepherd's sentence for murder, 5 years on the drive-by specification, also to be served consecutive to Mr. Shepherd's sentence for murder and the firearm specification, and 2 years on the criminal gang activity specification which was to run concurrently with the 5-year drive-by specification. The sentence imposed was the mandatory minimum sentence allowed by Ohio law for the crimes and specifications to which Mr. Shepherd pleaded guilty.

{¶5} On December 14, 2023, Mr. Shepherd filed a notice of appeal and motion to file a delayed appeal. This Court granted the motion for delayed appeal.

{¶6} Mr. Shepherd raises one assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

**[MR. SHEPHERD'S] ADULT PRISON SENTENCE IS UNAUTHORIZED BY AND CONTRARY TO LAW BECAUSE THE TRIAL COURT PLAINLY FAILED TO COMPLY WITH THE MANDATORY SENTENCING PROVISIONS OF R.C. 2929.19(B)(1)(b), WHICH NOW REQUIRE TRIAL COURTS TO CONSIDER A CHILD'S YOUTH AND ALL OF ITS ATTENDANT CHARACTERISTICS BEFORE SENTENCING THEM TO ADULT PRISON. CRIM.R. 52; R.C. 2929.19(B)(1)(b); 2953.08(A)(4), (G).**

**{¶7}** Mr. Shepherd argues the trial court committed plain error by imposing the mandatory minimum sentence of 23 years to life imprisonment without considering his youth as required by R.C. 2929.19(B)(1)(b). The State argues: (1) as part of the plea agreement, Mr. Shepherd waived his right to appeal; (2) the sentence was jointly recommended and not reviewable pursuant to R.C. 2953.08(D)(1); and (3) a sentence for murder is not reviewable pursuant to R.C. 2953.08(D)(3). Mr. Shepherd's argument is not well-taken.

**{¶8}** R.C. 2953.08(D)(1) provides, "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by the sentencing judge." "Generally speaking, a defendant cannot challenge a jointly-recommended sentence on appeal." *State v. Zazzara,* 2019-Ohio-662, ¶ 10 (9th Dist.). The Supreme Court of Ohio has stated:

> R.C. 2953.08(D)(1), which is one of the other limitations on the right to appeal a felony sentence under R.C. 2953.08, involves a situation in which the trial court does not exercise its discretion in imposing a sentence. R.C. 2953.08(D)(1) precludes appellate review under R.C. 2953.08 when the sentence is authorized by law, has been recommended jointly by the parties, and is imposed by the sentencing judge. In that situation, appellate review under R.C. 2953.08 is unnecessary because the parties have agreed that the sentence is appropriate and the trial court accordingly has elected not to exercise its broad discretion in determining the sentence. [*See Porterfield*, 2005-Ohio-3095, ¶ 25] ("The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant

stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence").

*State v. Grevious*, 2022-Ohio-4361, ¶ 32.

**{¶9}** In making their joint recommendation to the trial court, the State and Mr. Shepherd agreed that the sentence, as imposed, was appropriate. Moreover, the sentence imposed is the mandatory minimum sentence required under Ohio's sentencing statutes for Mr. Shepherd's offenses. R.C. 2929.02(B)(1) provides, in relevant part, "whoever is convicted of or pleads guilty to murder in violation of section 2903.02 of the Revised Code shall be imprisoned for an indefinite term of fifteen years to life." The firearm specification required a 3-year sentence to be served prior to and consecutively to the 15-year sentence for the underlying murder offense, and the drive-by shooting specification required a 5-year sentence to be served consecutively to the sentences for murder and the firearm specification. R.C. 2929.14(B)(1)(a)(ii) and (B)(1)(c)(i). This totals a minimum of 23 years to life in prison. Despite this, Mr. Shepherd argues that his "adult prison sentence is unauthorized by and contrary to law." However, the sentence imposed is the minimum sentence available under Ohio law for the crimes and specifications to which Mr. Shepherd pleaded guilty.

**{¶10}** Similar to *Grevious*, the trial court here did not exercise discretion and, thus, did not need to independently justify imposing the jointly recommended sentence. Indeed, even where the parties have jointly recommended a sentence and, in imposing that sentence the trial court orders *nonmandatory* consecutive sentences, the Supreme Court of Ohio has held the statutorily required findings to support the imposition of nonmandatory consecutive sentences were not necessary and the nonmandatory consecutive sentences were "authorized by law," and thus nonreviewable under R.C. 2953.08(D)(1). *See State v. Sergent*, 2016-Ohio-2696, ¶ 43-44. *See also State v. Nutter*, 2024-Ohio-2434, ¶ 8 (9th Dist.).

**{¶11}** It follows then that, here, the trial court's imposition of the jointly recommended sentence by Mr. Shepherd and the State, which includes a *mandatory* term of imprisonment of 15 years to life for murder and *mandatory* terms of 3 years and 5 years on 2 specifications that are required by statute to be served prior to and consecutive to the sentence for murder, which constitutes the mandatory minimum sentence under Ohio law for Mr. Shepherd's offenses, is likewise authorized by law and unreviewable under R.C. 2953.08(D)(1).

**{¶12}** Accordingly, Mr. Shepherd's sole assignment of error is overruled.

III.

**{¶13}** Mr. Shepherd's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

LAUREN HAMMERSMITH and VICTORIA FERRY, Assistant Public Defenders, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.