[Cite as *State v. Perkins*, 2025-Ohio-5562.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                     Court of Appeals No.L-24-1222

    Appellee

                                        Trial Court No. CR0202302375

v.

William Perkins                                   **DECISION AND JUDGMENT**

    Appellant                                 Decided: December 12, 2025

* * * * *

Julia R. Bates, Prosecuting Attorney and
Lorrie J. Rendle, Assistant Prosecuting Attorney, for Appellee

Victoria Ferry, for Appellant

* * * * *

OSOWIK, J.

{¶ 1} Defendant-appellant, William Perkins, appeals the July 31, 2024 judgment of the Lucas County Court of Common Pleas, convicting him of felonious assault and involuntary manslaughter, along with accompanying firearms specifications, and sentencing him to an aggregate prison term of a minimum of 25 years and a maximum of 30 and one-half years.  For the following reasons, we affirm the trial court judgment.

# I.    Background

{¶ 2}   William Perkins was charged with murder and two counts of felonious assault, with attached firearms specifications, in connection with two separate shootings that occurred on June 2 and October 27, 2022, when Perkins was 16 years old.  The case originated in the Lucas County Court of Common Pleas, Juvenile Division, but because of his age and the nature of the charged offenses, Perkins was subject to a mandatory bind over.  Following findings of probable cause on each of the charges, Perkins's case was transferred to the General Division for prosecution.

{¶ 3}   As part of a plea agreement with the State, Perkins entered a plea of no contest to one count of felonious assault, a violation of R.C. 2903.11(A)(2) and (D), a second-degree felony, and involuntary manslaughter, a violation of R.C. 2903.04(A), a first-degree felony, along with firearms specifications attached to both offenses under R.C. 2941.145(A), (B), (C), and (F).

{¶ 4}   Under the plea agreement, Perkins and the State jointly agreed to an aggregate prison term of a minimum of 25 years and a maximum of 30 and one-half year—eight to 12 years for the felonious-assault conviction; 11 to 16 and one-half years for the involuntary-manslaughter conviction; and three years on each of the firearm specifications—all of which would be served consecutively.  The trial court accepted Perkins's plea, made a finding of guilty, and imposed the jointly-agreed-upon sentence. The conviction and sentence were memorialized in a judgment journalized on July 31, 2024.

{¶ 5}   Perkins appealed.  He assigns the following error for our review:

2.

William's adult prison sentence is unauthorized by and contrary to law because the trial court plainly failed to comply with the mandatory sentencing provisions of R.C. 2929.19(B)(1)(b), which now require trial courts to consider a child's youth and all of its attendant characteristics before sentencing them to adult prison.

## II.     Law and Analysis

{¶ 6} Perkins appeals the sentence imposed by the trial court. A defendant may seek review of a sentence as a matter of right for a variety of reasons—including on the basis that the sentence is contrary to law—except as provided in R.C. 2953.08(D). R.C. 2953.08(A)(4). Under R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Here, the sentence the trial court imposed was the sentence that Perkins and the State jointly recommended. Nevertheless, Perkins argues that his sentence is "unauthorized by and contrary to law"—and is therefore, reviewable by this court—because the trial court did not explicitly consider mitigating factors related to his youth, as required by R.C. 2929.19(B)(1)(b).

{¶ 7} Under R.C. 2929.19(B)(1)(b), if the offense was committed when the offender was under 18 years old, the sentencing court shall consider the offender's "youth and its characteristics as mitigating factors," including:

(i) The chronological age of the offender at the time of the offense and that age's hallmark features, including intellectual capacity, immaturity, impetuosity, and a failure to appreciate risks and consequences;

(ii) The family and home environment of the offender at the time of the offense, the offender's inability to control the offender's surroundings, a

3.

history of trauma regarding the offender, and the offender's school and special education history;

(iii) The circumstances of the offense, including the extent of the offender's participation in the conduct and the way familial and peer pressures may have impacted the offender's conduct;

(iv) Whether the offender might have been charged and convicted of a lesser offense if not for the incompetencies associated with youth, such as the offender's inability to deal with police officers and prosecutors during the offender's interrogation or possible plea agreement or the offender's inability to assist the offender's own attorney;

(v) Examples of the offender's rehabilitation, including any subsequent growth or increase in maturity during confinement.

Perkins argues that because he was 16 years old when the offenses were committed, these were mandatory factors that the trial court was required to consider, and its failure to do so renders his sentence contrary to law or *not* "authorized by law."

{¶ 8}   A sentence is "contrary to law" where, for example, the sentence falls outside the statutory range or a trial court considers prohibited factors in fashioning a sentence.  *See, e.g., State v. Meeks,* 2022-Ohio-2436, ¶ 7 (6th Dist.); *State v. Bryant,* 2022-Ohio-1878. The Ohio Supreme Court has recognized that a sentence is "authorized by law" where the trial court "'comports with all mandatory sentencing provisions.'" (Emphasis removed.)  *State v. Sergent,* 2016-Ohio-2696, ¶ 26, quoting *State v. Underwood,* 2010-Ohio-1, paragraph two of the syllabus.  The converse of this proposition is that a sentence is not authorized by law where the trial court fails to comport with mandatory sentencing provisions.

{¶ 9}   When exercising its discretion in fashioning an appropriate sentence, there are mandatory factors a trial court must consider, such as those described in R.C.

4.

2929.11, 2929.12, and 2929.13, and factors required for imposing consecutive sentences. Perkins is correct that when a court exercises its discretion to impose a sentence for an offender who committed the subject offenses when he was under 18 years old, it must consider the factors set forth in R.C. 2929.19(B)(1)(b).

{¶ 10} However, the Ohio Supreme Court has recognized that where a trial court imposes a jointly-agreed-upon sentence, "the trial court does not exercise its discretion" because the parties have already stipulated that the particular sentence is appropriate. *State v. Grevious,* 2022-Ohio-4361, ¶ 32. "'Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence'" because the court has "elected not to exercise its broad discretion in determining the sentence." *Id.*, quoting *State v. Porterfield*, 2005-Ohio-3095, ¶ 25. To that end, R.C. 2953.08(D)(1) bars appeals "that would otherwise challenge the court's discretion in imposing a sentence, such as whether the trial court complied with statutory provisions like R.C. 2929.11 (the overriding purposes of felony sentencing), 2929.12 (the seriousness and recidivism factors), and/or 2929.13(A) through (D) (the sanctions relevant to the felony degree) or whether consecutive or maximum sentences were appropriate under certain circumstances." *Underwood*, 2010-Ohio-1, at ¶ 22. *See also Sergent,* 2016-Ohio-2696, at ¶ 30 (finding that jointly-recommended sentence that includes nonmandatory, consecutive sentences is "authorized by law" even where the trial court did not make otherwise-required consecutive-sentencing findings under R.C. 2929.14(C)(4)).

5.

{¶ 11} Several appellate districts have considered arguments substantially similar to Perkins's argument and have concluded that like the otherwise-mandatory sentencing considerations enumerated above, a sentence may not be reviewed under R.C. 2953.08(D)(1) despite the trial court's failure to explicitly consider the factors articulated in R.C. 2929.19(B)(1)(b). *See State v. Moore*, 2024-Ohio-5839 (2d Dist.); *State v. Nash*, 2025-Ohio-796 (5th Dist.); *State v. Holman,* 2023-Ohio-716 (8th Dist.); *State v. Shepherd,* 2024-Ohio-4618, ¶ 10 (9th Dist.). Perkins fails to acknowledge any of these cases even though they are on point and were all decided before briefing concluded in this case.

{¶ 12} Here, Perkins stipulated that the sentence was justified when he and the State jointly agreed upon the sentence. As such, the trial court did not exercise its discretion when it imposed the jointly-agreed-upon sentence, it was not required to consider R.C. 2929.19(B)(1)(b) to independently justify the sentence, Perkins's sentence is "authorized by law," and appellate review is not permitted under R.C. 2953.08(D)(1).

We find Perkins's assignment of error not well-taken.

### III.    Conclusion

{¶ 13} The trial court's failure to consider the factors set forth in R.C. 2929.19(B)(1)(b) did not render Perkins's sentence contrary to or not "authorized by law." The trial court imposed the parties' jointly-recommended sentence. As such, it did not exercise discretion in fashioning Perkins's sentence and was not required to consider statutory factors that it would otherwise be required to consider. Perkins's sentence is,

6.

therefore, unreviewable under R.C. 2953.08(D)(1). His sole assignment of error is not well-taken.

{¶ 14} We affirm the July 31, 2024 judgment of the Lucas County Court of Common Pleas. Perkins is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

Thomas J. Osowik

_____
JUDGE

Gene A. Zmuda

_____
JUDGE

Charles E. Sulek
CONCUR.

_____
JUDGE

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.